# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**Nathan Hermann**<br>　　　　**Debtor** | Case # 20-13875<br><br>Chapter 7<br><br>Honorable LaShonda A. Hunt<br><br>Set for November 6, 2020 at 9:15 a.m. |

## NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

　　　PLEASE TAKE NOTICE that on November 6, 2020, at 9:15 a.m., I will appear before the Honorable LaShonda A. Hunt, or any other judge sitting in that judge's place and present the **Trustee's Motion for Administrative Claims and Shorten Notice** a copy of which is attached.

　　　**This motion will be presented and heard telephonically using AT&T Teleconference**. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must call in to the hearing using the following information—**Toll Free Number: 1-888-557-8511; Access Code: 7490911**.

　　　**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　Cindy M. Johnson, not individually but as
　　　　　　　　　　　　　　　　　Chapter 7 Trustee of Nathan Hermann

　　　　　　　　　　　　　　　　　　/s/ 　Cindy M. Johnson 　　
　　　　　　　　　　　　　　　　　　　Chapter 7 Trustee

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois  60603
(312) 345-1306

**CERTIFICATE OF SERVICE**

  I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on October19, 2020.

                /s/ Cindy M. Johnson

**SERVICE LIST**

**Electronic Mail Notice List**

- David M Kaleel kaleel5@frontier.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- David P Lloyd courtdocs@davidlloydlaw.com

**Manual Notice List**

**US Mail**

Capital One Auto Finance, a division of Capital One, N.A.
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

# SERVICE LIST

Capital One Auto Finance
7933 Preston Rd
Plano, TX 75024-2302

Convergent Healthcare Rec
121 N Jefferson St., Ste 100
Peoria, IL 61602-1229

Credit Collection
P O Box 9134
Needham Heights, MA 02494-9134

Creditor's Discount & Audit
415 Main
Streator, IL 61364-2927

Darcy Hermann
E. 2059 Rd.
Serena, IL 60549

Jefferson on Capital Systems , LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

John Cantlin Law Firm
760 E Etna Rd
Ottawa, IL 61350-1014

LVNV Funding, LLC
P O Box 1269
Greenville, SC 29602-1269

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Marquette Academy
c/o Kenneth R McEvoy
628 Columbus St Ste 406
Ottawa, IL 61350-2914

Marseilles Bank
100 E Bluff Street
Marseilles, IL 61341-1438

Marseilles Bank
c/o Bob Steele
P O Box 517
La Salle, IL 61301-0517

Marseilles Bank
P O Box 89
Marseilles, IL 61341-0089

Nathan Hermann
3716 E. 20th Rd
Ottawa, IL 61350-9446

OSF Healthcare
7978 Solution Center
Chicago, IL 60677-0001

Portfolio Rec
287 Independence
Virginia Beach, VA 23462-2962

Portofolio Rec. Assoc
P O Box 12903
Norfolk, VA 23541-0903

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021

Tek-Collect
P O Box 1269
Columbus, OH 43216-1269

TH Professional Med Collections
P O Box 10166
Peoria, IL 61612-0166

Unifund CCR, LLC
c/o David A. Ambrosh
735 N Water St., Ste. 1300
Milwaukee, WI 53202-4106

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Nathan Hermann, ) | Case no.   20-13875 |
| ) | Chapter 7 /13 |
| ) | Honorable LaShonda A. Hunt |
| Debtor. ) | |
| ) | Set for November 6, 2020 at 9:15 a.m. |

**MOTION FOR ADMINISTRATIVE CLAIMS AND SHORTEN NOTICE**

CINDY M JOHNSON (the "Trustee"), not individually but as Trustee of the Chapter 7 Estate of Nathan Hermann 20-13875 (the "Estate"), pursuant to Sections 330 and 331 of the United States Bankruptcy Code (the "Code"), respectfully applies to this Honorable Court for Administrative Claims for Compensation in the amount of $1,020.00 to Johnson Legal Group, LLC ("Counsel"); $5,675.00 to Real Estate Agent Kim Wirtz ("Wirtz", ); and $8,202.83 to Cindy M. Johnson, Chapter 7 Trustee ("Trustee"), Shorten Notice and ask this Court to grant such other and further relief as the Court upon hearing shall deem just and equitable;

IN SUPPORT WHEREOF, Trustee states as follows:

**BACKGROUND**

1. On July 13, 2020 the Debtor filed a Voluntary Petition for Relief, according to the provisions of Chapter 7 of the Code and Trustee was appointed to administer the assets of the Estate.

2. Trustee determined that there was equity for the estate in real properties held by the estate, real properties commonly known as 3716 E 20th Road, Ottawa, IL 61350 (the "Residence"), and LT1NW 1/2 Sec. Ottawa, IL 61350 (the "Vacant Land"). Trustee advised debtor's counsel of same and solicited a potential buyback offer.

Debtor's opinion was that there was no equity, and that Trustee would not be able to sell the properties for the amount she suggested was the value.

3.  Trustee determined she needed assistance with respect to Trustee's efforts to administer the properties and filed a motion to retain a real estate broker, as well as counsel. On September 28, 2020, an order was entered (Docket #25) authorizing the employment of Wirtz to market for sale the Residence and the Vacant Land for the benefit of the Estate. On October 13,2020, an order was entered (Docket #34) authorizing the employment of Counsel for Trustee to perform all legal services necessary or required relating to Trustee's attempts to sell and/or sale of the Estate's interest in the Residence and the Vacant Land.

4.  On October 6,2020, Trustee received a $101,000 offer for the purchase of the Residence and a $12,500.00 offer for the purchase of the Vacant Land. (the "Offers") Trustee advised debtor's attorney of same.

5.  So as not to lose the properties by Trustee's selling them, on October 9, 2020, Nathan Hermann (the "Debtor") filed a motion to convert the case from a case under chapter 7 to chapter 13 (Docket #30) which is set for hearing contemporaneously with this Motion for Administrative Expense Claims.

6.  Trustee does not object to the conversion so long as Trustee, and the retained professionals are allowed Chapter 7 administrative expense claims in the Chapter 13 case

### **WIRTZ SUMMARY OF SERVICES RENDERED**

7.  At the time of her employment, Wirtz agreed to receive, and was authorized by this Court to receive, a 5% commission on gross proceeds of the sale of the Residence and the Vacant Land.

8.  Through the efforts of Wirtz the Offers were received and accepted by Trustee subject to Court approval.

9. By obtaining the Offers and presuming that the Offers would be approved by the Court, once the sales closed, Wirtz would have been entitled to a commission of $5,050.00 for the Residence and $625.00 for the Vacant Land.

10. Conversion of the case to a chapter 13 will result in the sales not closing and therefore a commission not being paid to Wirtz when she fulfilled her obligation to Trustee and the Estate.

11. Wirtz informed Trustee via email on October 9, 2020 that Debtor's counsel had agreed to an administrative claim in the chapter 13 for the full 5% commission on the Residence

12. Trustee is seeking an administrative claim in favor of Wirtz in the chapter 13 in the amount of $5,675.00.

## SUMMARY OF CHAPTER 7 TRUSTEE COMPENSATION

13. Trustee determined that the Estate contains $114,056.63 in assets to be administered for the benefit of creditors as follows:

    a. $101,000 from the Residence

    b. $12,500 from the Vacant Land

    c. $756.63 non-exempt funds in Debtor's bank account on the date of filing.

14. Were the chapter 7 case to complete Trustee would be entitled to compensation based upon all funds paid out to creditors, professionals, and costs of sale. After deducting the Debtor's $15,000 homestead exemption in the Residence, which is non compensable, Trustee would have Distributed $99,056.63 as follows:

    a. $11,350.00- 10% costs of sale including commission (Residence and Vacant Land)

    b. $60,725.44-mortgage pay off (estimated date of filing)

    c. $2,200.00 estimated accountant fees

    d. $1,020.00 Counsel fees

   e. Unsecured Claims $23,761.19 (as of 10-13-2020 $22,604.47 unsecured claims have been filed)

15. Pursuant to 11 U.S.C §330 as limited by 11 U.S.C. §326 Trustee would be entitled to $8,202.83 Trustee compensation calculated as follows:

   a. $1,250.00 (25% of first $5000.00)

   b. $4,500.00 (10% over $5000 up to $50,000)

   c. $2,452.83 (5% on the remaining $49,056.64)

16. Trustee's employment of Wirtz and acceptance of the Offers was the catalyst for Debtor's motion to convert to chapter 13.

17. Upon conversion of the case to a case under chapter 13, Trustee can not complete administration of the chapter 7 Estate and paid her earned compensation.

18. Trustee is seeking and administrative claim in favor of Trustee in the amount of $8,202.63.

## COUNSEL SUMMARY OF SERVICES RENDERED

19. At the time retention, Counsel agreed to represent the Trustee as her legal counsel as aforesaid in consideration of such compensation and reimbursement as the Court might allow upon applications made pursuant to Section 330 or 331 of the Code.

20. Counsel regularly made and kept records of services rendered on behalf of the Estate, including a summary or description of the services rendered; the date the services were rendered; and the time expended to render the services, in one-tenth-hour increments.

21. The records were made by Counsel, at or about the time the services were rendered, by means of entering them into Counsel's billing software program, and by reviewing them on a monthly basis for accuracy after.

22. Since the Employment Date, through October 19, 2020 Counsel rendered 2.7 total hours of service on behalf of the Trustee for which an administrative claim is sought. The 2.5 hours of the services were rendered by associate attorney Carleen L

Cignetto at an hourly rate of $360.00 per hour and .2 hours was rendered by Managing Attorney Cindy M Johnson at an hourly rate of $600 per hour. A chronological summary of the services rendered, and expenses incurred is attached hereto, identified as Exhibit A and incorporated herein by reference.

23. Carleen L Cignetto and Cindy M. Johnson are duly licensed to practice law in the State of Illinois and before the United States Bankruptcy Court for the Northern District of Illinois.

24. Trustee seeks authorization of an administrative expense claim in favor of Counsel in the amount of $1,020.00 for 2.7 hours of services rendered by Counsel.

25. Trustee is not seeking to reimburse Counsel for costs were incurred by on behalf of the Trustee as there are none included in Exhibit A

## STATEMENTS AS TO OTHER MATTERS

26. Trustee has reviewed and asserts that services for which Counsel and Wirtz seek an administrative expense claim were rendered by Counsel and Wirtz solely on behalf of the Trustee.

27. The rate of compensation Counsel requests for services rendered to the Trustee is the standard rates other attorneys of similar experience, expertise and reputation generally seek as compensation for comparable services rendered in connection with bankruptcy proceedings within this District.

28. To the best of Trustee's knowledge and belief. Counsel and Wirtz have no agreement or understanding with any person, firm or entity with respect to any determination about the amount of compensation or reimbursement Counsel or Wirtz shall receive for services Counsel or Wirtz renders or expenses Counsel or Wirtz incurs on behalf of the Trustee.

29. To the best of Trustee's knowledge and belief, no person, firm, or entity has promised to provide Counsel or Wirtz any compensation or reimbursement for services Counsel or Wirtz renders or expenses Counsel or Wirtz incurs on behalf of the Trustee.

30. Except as permitted by Section 504(b) of the Code, to the best of Trustee's knowledge and belief, Counsel or Wirtz has neither shared nor agreed to share with any person, firm or entity, any compensation or reimbursement Counsel or Wirtz may receive for services rendered or expenses incurred on behalf of the Trustee.

31. Applicant has provided 19 days notice of this Application to Debtor, Debtor's attorney, all parties entitled to notice who are listed on the CM/ECF service list and all creditors pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE**, Trustee Cindy M Johnson, respectfully requests this Honorable Court enter an order:

I. Allowing an Administrative Claim in favor of counsel, Johnson Legal Group, LLC, in the amount of $1,020.00 for hourly fees earned;

II. Allowing an Administrative Claim in favor of real estate broker, KimWirtz, in the amount of $5,675.00;

III. Allowing an Administrative Claim in favor of Trustee, Cindy M. Johnson, in the amount of $8,202.83;

IV. Directing the Chapter 13 Trustee to pay the Administrative Claims pursuant to the order entered without additional filing;

V. Find under Rule 2002 of the Federal Rules of Bankruptcy Procedure that the 19 days notice of this application sent to debtor, debtor's counsel, the United States Trustee, other parties in interest and to all creditors in this case is sufficient;

VI. To grant the Applicant such other and further relief as the Court upon hearing shall deem just and equitable.

    Respectfully Submitted,
    CINDY M JOHNSON, Trustee of the
    Bankruptcy Estate of Nathan Hermann

    BY:__/s/ Cindy M Johnson_____

Cindy M. Johnson
Carleen L. Cignetto
Johnson Legal Group, LLC
140 S Dearborn St., Suite 1510

Chicago, IL 60603
(312) 345-1306
cmjtrustee@jnlegal.net